# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3513 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Cruz vs. Schuler et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for a protective order [26] is granted.

■ [ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    This case involves excessive force and unlawful search claims against two Chicago police officers and the City of Chicago, brought under 42 U.S.C. § 1983. Defendants have asked the court to enter a protective order, and plaintiff Walter Cruz objects to one provision of the order. According to Cruz, police department complaint register files ("CRs") should not be considered confidential.

    Courts in this district have repeatedly grappled with this issue, reaching different conclusions. *Compare Brown v. City of Chicago*, No. 09 C 6506, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (adopting CR Provision), *Clark v. City of Chicago*, No. 10 C 1803 (N.D. Ill. Oct. 13, 2010) (unpublished order) (same), *Livingston v. McDevitt*, No. 09 C 7725 (N.D. Ill. May 10, 2010) (unpublished order) (same), *Alva v. City of Chicago*, No. 08 C 6261 (N.D. Ill. Apr. 16, 2010) (unpublished order) (same), with *Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010) (rejecting blanket protection for unsustained CRs), *Parra v. City of Chicago*, No. 09 C 4067 (N.D. Ill. Apr. 14, 2010) (unpublished order) (same); *Macias v. City of Chicago*, No. 09 C 1240 (N.D. Ill. Mar. 10, 2010) (unpublished order) (same). In fact, this court is, simultaneously with this order, issuing an order in another case, deciding this very same issue. *See Calhoun v. City of Chicago*, No. 10 C 0658 (N.D. Ill. Apr. 8, 2011).

    For the reasons stated in this court's order in *Calhoun*, defendants' motion for a protective order is granted. Briefly, the court believes there is good cause in this case to protect CRs during discovery. Defendants arguably have a privacy interest in these records under Illinois law. As in the *Calhoun* case, Cruz has not identified any reason, other than a general public interest in access to the records, for releasing the CRs. The discovery process is not designed to provide public access to the inner workings of the Chicago Police Department. *See Bond v. Utreras*, 585 F.3d 1061, 1074-76 (7th Cir. Ill. 2009) (there is no implied right of public access to unfiled discovery). If a need should arise to share the CRs with specific individuals for the purpose of this litigation, the court would certainly consider making exceptions to the protective

| STATEMENT |
|---|
| order. And the court would obviously have to reassess the balance of interests should defendants seek to protect the CRs during a trial, when the proceedings would be presumptively public. |